MAYFLOWER INSURANCE COMPANY, PLAINTIFF-APPELLANT, *v.* RIDINGER ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Tenth District, Franklin County.

No. 6434. Decided October 18, 1960.

*Messrs. Reeves & Herron,* by *Mr. Robert L. Herron,* of counsel, for plaintiff-appellant.

*Messrs. Gingher & Christensen,* by *Mr. Rutherford A. Hawley,* of counsel, for defendants-appellees.

(MATTHEWS, P. J., LONG and O'CONNELL, JJ., of the First Appellate District, sitting by designation in the Tenth District.)

MATTHEWS, P. J. This is an action by the appellant-plaintiff to recover the amount of money it had paid to the owner of an automobile which it had insured against loss or damage caused by the collision, to the rights of whom it had succeeded as subrogee, as provided in the insurance policy.

A prior action had been filed in the Municipal Court of Columbus, and the parties had proceeded to trial, during which, and before final submission and by leave of court, the plaintiff dismissed the action without prejudice. Then the action in which this appeal was taken was filed in the same court.

This action proceeded to trial and at the conclusion of the plaintiff's evidence, the court sustained the defendant's motion to dismiss and for judgment. In so doing, the Court said:

"The Court is satisfied that there is not sufficient evidence to sustain the question of title and for that reason feels obliged to sustain the motion."

A final judgment was entered and a motion for a new trial overruled.

The bill of exceptions contains much immaterial matter, but it does appear from the operator of the automobile covered by the plaintiff's insurance policy that he was proceeding in the automobile in an easterly direction on Broad Street, approaching its intersection with Cleveland Avenue traffic, through which intersection was controlled by traffic lights. His intention was to turn left into Cleveland Avenue. As he approached the intersection and was within a car's length of it, the signals indicated that he had the right of way to make the turn and he proceeded to do so. As he did so, he saw an automobile approaching from the east, but it was a block away. When he had about completed the turn and was leaving the intersection, this automobile which he had seen a block away struck the right rear corner of his automobile and damaged it. In the automobile which collided with his automobile were two persons, one of whom was the defendant Ridinger, and the other, one Don-

nett, who was joined as a defendant, but upon whom service of summons was not obtained.

Immediately after the collision, and at the scene thereof, the participating parties involved engaged in conversation in which the defendant Ridinger admitted that he was the owner of the automobile in which he was riding and was operating at the time.

In sustaining the defendant's motion at the close of plaintiff's evidence, the Court was of the opinion that he could not consider this oral testimony of the admissions of Ridinger, and that there was a failure of competent evidence of the ownership of the automobile that collided with the plaintiff's automobile and that this required the granting of the motion. It seemed to be conceded that there was no failure of proof otherwise, and, indeed, there was not. As the evidence stood at that time, it showed the plaintiff conforming to all the traffic signals at the intersection, and the defendant violating all such signals, with the proximate result that the plaintiff's subrogor's automobile was damaged.

We think the Court was in error in concluding that there was no competent evidence that defendant Ridinger owned the colliding automobile.

The defendant-appellee relied on Section 4505.4, Revised Code, and the case of *Mielke et al,* v. *Leeberson,* 150 Ohio St., 528. We think the Court erred in concluding that Section 4505.4, Revised Code, prevented it from weighing the defendant's admission that he was operating the automobile at the time of the collision, as testified to by the operator of the automobile insured by the plaintiff. The prohibition in Section 4505.4, Revised Code, is as follows:

''No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

''(A) By a certificate of title * * *.

''(B) By admission of in the pleadings or stipulation of the parties.''

The plaintiff in this case was not asserting any right or title to the automobile that collided with the automobile covered

by its policy. It was asserting a right to recover against a tortfeasor for the damage done to the automobile covered by its policy. It was obliged to conform to Section 4505:4, Revised Code, in proving that its insured owned that automobile. And this it did by the stipulation that the insured owned it. It was immaterial who owned the automobile that collided with the automobile covered by its policy. It was the negligence of the operator—not the ownership—that was vital to the plaintiff's right.

For these reasons, the judgment of the Municipal Court of Columbus is reversed, and the cause remanded for further proceedings according to law.

LONG and O'CONNELL, JJ., concur.