SELECTIVE INSURANCE CO. ET AL., APPELLEES, *v.* REINHARDT, D. B. A. REINHARDT TRUCKING CO., APPELLANT.

(No. 9088—Decided June 11, 1962.)

*Mr. Eugene Droder*, for appellees.
*Mr. W. F. Boelter*, for appellant.

KEEFE, J.   Plaintiffs instituted this action against the defendant in the Cincinnati Municipal Court, Hamilton County, Ohio, to recover for property damage to a 1961 Chevrolet automobile owned by the King Chevrolet Company, which is not a party to this suit.

The Chevrolet was being operated by the plaintiff, Schottelkotte, and the damages resulted from an automobile accident. The matter was tried to a judge without jury, who awarded judgment for the plaintiffs for $116.29.

All the evidence developed below on the subject of ownership of the automobile being driven by Schottelkotte indicates its ownership in King Chevrolet Company.   Schottelkotte so testified, and a photostatic copy of the certificate of title admitted by the trial judge similarly shows the vehicle to be owned by King.   Things have been said in briefs and arguments about an assignment to the plaintiffs herein of the interest of King,

but, without passing upon the significance, if any, of that purported assignment, it certainly did not accomplish such transfer of title as to enable either of the plaintiffs to come within the requirements of Section 4505.04, Revised Code, entitled "Evidence of Ownership" and which provides in part:

"'No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code.

"(B) By admission in the pleadings or stipulations of the parties."

Defendant makes a number of assignments of error. One is the failure of plaintiffs to properly prove that the reasonable market value of the automobile repairs amounted to $116.29, as alleged in their amended petition. A carbon copy of what was identified as the final invoice for repairing the vehicle in question was offered by plaintiffs and admitted into evidence. This was done over the objection of the defendant. The invoice was not the best evidence of the fair and reasonable market value of the repairs. Someone from the repairing garage should have been called to enable counsel for defendant to ask questions concerning the reasonableness of the charge and the nature of repairs and their relationship to the accident. No garageman was called.

Furthermore, there was no other credible evidence upon which to predicate a determination of the value of the repairs. Schottelkotte, not being the owner, could not testify as to the value of the vehicle before and after its involvement in the accident.

It is considered that error was committed in the trial court, as explained, and it was prejudicial. Under the circumstances, it is believed unnecessary to explore the other assignments of error.

The judgment of the trial court is, therefore, reversed, and the cause is remanded to the Cincinnati Municipal Court for a new trial.

*Judgment reversed and cause remanded.*

LONG, P. J., and HILDEBRANT, J., concur.