MOORE, ET AL., APPELLEES, *v.* WORKMAN, APPELLANT, ET AL.

(No. 71-34—Decided August 17, 1971.)

*Mr. John E. Palcich*, for appellees.

*Messrs. Griffith, Elliott, Donahue & Smith* and *Mr. Richard K. Elliott*, for defendant Harvey Workman.

*Mr. R. Patrick West*, for defendant Motors Insurance Corporation.

*Messrs. Crabbe, Newlon, Potts, Schmidt, Brown & Jones* and *Mr. Theodore D. Sawyer* of Counsel, for defendant Buckeye Union Insurance Company.

HOLMES, J. This matter involves an appeal of a judgment for the plaintiffs in the Franklin County Municipal

**304**

Court, awarding damages in a negligence action growing out of an automobile accident between automobiles operated by David L. Moore, hereinafter referred to as plaintiff, and Harvey Workman, hereinafter referred to as defendant.

The accident took place at the intersection of Pearl Street and Barthman Avenue in the city of Columbus. The defendant was traveling south on Pearl and the plaintiff was traveling west on Barthman.

The defendant stated that he had been waved through the intersection by the driver of another car which had stopped at the intersection, which car was headed in a westerly direction on Barthman.

The plaintiff stated that there was no other auto stopped at the intersection of Barthman and Pearl, and that he saw the defendant coming out of Pearl; that Barthman was clear from Fourth Street to High Street; that the defendant proceeded on into the intersection; and that he, the plaintiff, was unable to avoid hitting the defendant.

The trial court, sitting as a trier of the facts, after submitting its findings of fact and conclusions of law, rendered judgment for the plaintiffs in the amount of $2,000 and dismissed the defendant's cross-petition.

The trial court included within its findings of fact that Pearl, at the point of intersection with Barthman, was an "alley." Further, in the court's conclusions of law it found that the plaintiff was not negligent; that the defendant was negligent; and that the damage was the direct and proximate result of the defendant's negligence. The court indicated further that such negligence was predicated upon the application of R. C. 4511.44 and 4511.01. However, the court did not set forth which subsection of the latter section it was construing.

The defendant's first assignment of error is: "The trial court erred in allowing damages for the appellee's automobile without proof of title."

It appears from the record that there was a stipulation as to the defendant's ownership of his automobile,

but there was no such stipulation with reference to the plaintiff's automobile, nor does there appear to be any admission in the pleadings as to the ownership of the plaintiff's automobile.

The section of law applicable to this assignment of error is R. C. 4505.04, which, in pertinent part, is as follows:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code.

"(B) By admission in the pleadings or stipulation of the parties."

This court discussed that section in the case of *Mayflower Ins. Co.* v. *Ridinger* (1960), 112 Ohio App. 502. The court set forth the law of the matter in paragraph one of the syllabus, as follows:

"In a negligence action to recover for damages to an automobile involved in a collision of motor vehicles, the plaintiff is obliged to conform to Section 4505.04, Revised Code, by proving the ownership of his automobile, but he is not obliged to prove ownership of the automobile operated by the defendant."

The same holding of law was set forth in *Selective Ins. Co.* v. *Reinhardt* (1962), 115 Ohio App. 561, in paragraph one of the syllabus, as follows:

"1. In an action for damages to a motor vehicle resulting from an accident, plaintiff's ownership of the vehicle must be established in accordance with the requirements of Section 4505.04, Revised Code, the 'evidence of ownership' statute."

It might be arguable that since the defendant did not raise the question of title to plaintiff's automobile at the time of the trial, such issue is not timely at this juncture. This may be so, particularly where the defendant refers to the auto of the plaintiff in his testimony and in his an-

swers to the plaintiff's interrogatories. However, we think it a better interpretation of R. C. 4505.04 that evidence of title be introduced, either through the certificate of title or by way of admission in the pleadings or by stipulation.

This assignment of error is well taken.

The defendant's second assignment of error, in essence, states that the judgment of the trial court is contrary to law and against the weight of the evidence. We must also agree with this assignment of error.

The respective rights of the parties must be determined primarily upon the basis of the relative preferential or burdened position of the drivers of the vehicles. Another attendant consideration is, of course, whether the person having the preferential position, or the right of way, is proceeding "in a lawful manner."

A review of the record shows that the parties have stipulated that "Barthman Avenue and Pearl Street are public thoroughfares in Franklin County, Ohio."

There is no specific definition of a "thoroughfare" in the Ohio Revised Code. However, the word "thoroughfare" is used in the definition of "street or highway" as found in R. C. 4511.01 (AA), as follows:

" 'Street or highway' means the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel."

We find the following definition for "thoroughfare" in Black's Law Dictionary (4 Ed.):

"The term means, according to its derivation, a street or passage through which one can fare (travel) that is, a street or highway affording an unobstructed exit at each end into another street or public passage. If the passage is closed at one end, admitting no exit there, it is called a 'cul de sac.' "

The record contains no further competent evidence as to the nature or type of public way Pearl Street might be. In the absence of such evidence, the trial court was in error in finding as a matter of fact that Pearl was an alley.

Therefore, we hold that R. C. 4511.44, which places the

burden upon the operator of a vehicle entering or crossing a highway from an alley, is not applicable to the intant matter.

However, we do not decide whether R. C. 4511.44 would be applicable if the evidence had established Pearl to be a public alley.

Another preferential statute pertinent to this review is that of R. C. 4511.43 which statute places the burden upon the operator of a vehicle intending to enter a "through highway." Such an operator, pursuant to such section, must yield the right of way to all other vehicles on said through highway unless otherwise directed by a traffic control signal.

However, the record of this matter does not disclose any evidence that would establish Barthman as being a "through highway" in accordance with the provisions of R. C. 4511.65, which section provides for the designation of through highways, and for the erection of stop signs in all streets and highways intersecting such through highways.

Therefore, the status of both drivers who, as in this instance, are proceeding along a collision course upon intersecting public thoroughfares must be established by other appropriate sections of law.

The applicable law to the facts before this court should have been, as contained in R. C. 4511.41 which, in part, is as follows:

"The operator of a vehicle, streetcar, or trackless trolley shall yield the right of way at an intersection of two or more roads or highways which cross each other to a vehicle, streetcar, or trackless trolley approaching from the right, except as provided in Section 4511.43 of the Revised Code."

Accordingly, we hereby reverse the judgment of the Franklin County Municipal Court and remand the cause for a new trial in accordance with the law set forth in this decision.

*Judgment reversed.*

WHITESIDE and REILLY, JJ., concur.