BILL GATES CUSTOM TOWING, INC., APPELLANT, *v.* BRANCH MOTOR EXPRESS COMPANY ET AL., APPELLEES.

(No. 80AP-606—Decided March 3, 1981.)

Cameron & Belskis Co., L.P.A., Mr. Bruce L. Cameron and Mr. J. Gary Coffman, for appellant.

Messrs. Sebastian & Marsh and Mr. Arthur M. Sebastian, for appellees.

STRAUSBAUGH, P.J. This is an appeal from a decision of the Court of Common Pleas of Franklin County sustaining defendants' motion for a directed verdict.

This action arises from a collision which occurred on January 21, 1978, on Interstate 71. On that date, plaintiff's tow truck was struck from the rear by a truck operated by defendant-appellee Robert E. Walters, an employee of defendant-appellee Branch Motor Express Company, while plaintiff's tow truck was parked and in the process of aiding a disabled vehicle.

At trial, plaintiff presented its evidence; and, upon completion of plaintiff's case, defendants moved for a directed verdict on the ground that plaintiff was not entitled to recover in light of plaintiff's failure to present evidence of ownership of the vehicle at the time it was struck, pursuant to R.C. 4505.04. In response to defendants' motion, plaintiff proffered evidence indicating the chain of ownership of said vehicle and moved the court to amend its complaint for the purposes of adding "additional parties to show proper ownership throughout this stage of the proceeding * * *."

The trial court overruled plaintiff's motion and granted defendants' motion for a directed verdict. In the appeal of the decision of the trial court, plaintiff raises the following assignments of error:

"*Assignment of Error No. 1*

"Trial Court erred in not granting plaintiff's motion to amend its complaint.

"*Assignment of Error No. 2*

"Trial Court erred in granting defendants' motion for directed verdict which was based upon an incorrect interpretation of Ohio Revised Code Section 4505.04 and improper application of *Moore* v. *Workman* [(1971), 28 Ohio App.2d 303 (57 O.O.2d 474)].

"*Assignment of Error No. 3*

"Trial Court erred in granting defen-

dants' motion for directed verdict which was based upon defenses which were irrevocably waived by defendants."

Our consideration of the first assignment of error is governed by Civ. R. 21, despite the fact that plaintiff's motion, in response to defendants' motion for a directed verdict, was phrased as a motion to amend the complaint to reflect additional party-plaintiffs. Civ. R. 21 states as follows:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

In support of the first assignment of error, plaintiff claims that the trial court erred, by overruling its motion, as a result of an improper construction of Civ. R. 21 and an incorrect application of the statute of limitations. In ruling upon plaintiff's motion, the trial court stated that "the Statute of Limitations has run as to additional parties to our statute and therefore, the motion to amend and add parties is overruled, and the defendants' motion for judgment is sustained."

In determining the effect of an intervening statute of limitations on the ability of a party to add or drop parties to the action, the Staff Note to Civ. R. 15(C) indicates that "* * * an amendment concerning parties to an action is not affected by an intervening statute of limitation provided that the conditions * * * [stated in Civ. R.] 15(C) are met. * * * *" In regard to the addition of *plaintiffs,* Civ. R. 15(C) allows the amended pleading reflecting the new plaintiffs to relate back to the date of the original pleading as long as the claim that is asserted by the new plaintiffs "* * * arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading * * *." In this case, there is no question that the interest of the additional plaintiffs in this cause of action came about as a result of the same

traffic accident which was the basis for the original plaintiff's complaint. Additionally, during oral argument, counsel for defendants admitted that it would suffer no prejudice by the addition of Mr. William Gates and Automotive Equipment Company as plaintiffs in the cause of action.

An examination of Civ. R. 21 indicates that the decision to add or drop a party is within the discretion of the trial court. However, in its application of the rule, the trial court should keep in mind that Civ. R. 21 " '* * * is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, * * * [has] not been made a party [originally] and whose presence * * * is * * * necessary or desirable * * * ' " *Crews* v. *Blake* (S.D. Ga. 1971), 52 F.R.D. 106, 107.

The facts in this case indicate that the addition of the two new parties as plaintiffs would not present any significant prejudicial factors against the defendants or create any undue delay or other problem in the conduct of the trial, nor would it create any additional liability in defendants. In fact, the denial of plaintiff's motion by the trial court had the sole effect of blocking a decision of the trial on its merits. Defendants fail to present any reason for preventing the additional parties to be joined as plaintiffs. In light of the fact that the decision of the trial court was based on an erroneous application of the statute of limitations, we find that the trial court's overruling of plaintiff's motion to join the additional parties as plaintiffs was an abuse of discretion. Accordingly, plaintiff's first assignment of error is well taken.

In support of the second assignment of error plaintiff contends that the trial court erred in applying R.C. 4505.04 to this case. In the case of *Moore* v. *Workman* (1971), 28 Ohio App. 2d 303 [57 O.O.2d 474], the applicable holding of this court, with respect to R.C. 4505.04, is summarized in headnote one as follows:

"In an action for damages to a motor

vehicle resulting from an accident, plaintiff's ownership of the automobile must be established either through a certificate of title or by way of admission in the pleadings or by stipulation."

Accordingly, plaintiff's second assignment of error is not well taken and is overruled for the reasons stated in *Moore* v. *Workman, supra.*

Plaintiff's third assignment of error is based on the failure of defendants to timely raise the issue of ownership of the vehicle in question as an affirmative defense. See Civ. R. 8(C). This issue was also considered in *Moore* v. *Workman.* While this court recognized the failure of the defendant in *Moore* v. *Workman, supra,* at pages 305-306, to raise the question of title to plaintiff's automobile at trial, it was concluded that the better interpretation of R.C. 4505.04 is that proper evidence of ownership is required to be introduced by a plaintiff who is attempting to recover for damages to a motor vehicle resulting from an accident. Accordingly, plaintiff's third assignment of error is not well taken and is overruled.

The judgment of the trial court is reversed, and the cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed.*

REILLY and MOYER, JJ., concur.