COOK, Appellant,

v.

CARRIGAN & MAINS FUNERAL HOME, INC., Appellee.

[Cite as *Cook v. Carrigan & Mains Funeral Home, Inc.* (1992), 79 Ohio App.3d 328.]

Court of Appeals of Ohio,
Clark County.

No. 2857.

Decided March 19, 1992.

*William H. Cook,* for appellant.

*John D. Emerich, Quinton R. Dressel* and *Harry G. Ebeling,* for appellee.

GRADY, Judge.

Carrigan & Mains Funeral Home, Inc., appellee, provided funeral services for the benefit of the deceased son of appellant, William H. Cook, who guaranteed payment of Carrigan & Mains' bill. Carrigan & Mains sent a bill to Cook in the amount of $3,632.95. Cook failed to pay and Carrigan & Mains brought an action in the Clark County Municipal Court to collect the debt.

Carrigan & Mains obtained a judgment in the amount of the bill. Cook appealed from that judgment. Cook did not seek or obtain a stay of proceedings which would forestall execution on the judgment by Carrigan & Mains pending appeal.

Carrigan & Mains obtained an order to examine debtor, pursuant to R.C. 2333.09. The examination was scheduled for March 2, 1989, before a referee of the Clark County Municipal Court. Cook appeared for the examination and asked that it be postponed by reason of his appeal of the judgment. Cook offered two certificates of deposit as bond. The referee declined to accept the certificates of deposit as bond and overruled Cook's request to cancel or postpone the examination. The debtor's examination then went forward.

Subsequent to the debtor's examination, Cook filed objections to the referee's report and recommendation. The trial court overruled the objections. Three weeks later, Cook obtained a stay of proceedings from this court, which forestalled further proceedings to execute on the judgment. Cook posted the same certificates of deposit as a form of bond, which was accepted by this court. Thereafter, the judgment of the Clark County Municipal Court against Cook and in favor of Carrigan & Mains on the debt for the funeral bill was affirmed by this court. See *Carrigan & Mains v. Cook* (June 8, 1989), Clark App. No. 2524, unreported, 1989 WL 65249.

Cook has now filed two complaints against Carrigan & Mains, alleging that the debtor's examination was an invasion of his privacy, which caused him emotional distress and that it was in violation of his rights under the Fourth Amendment to the Constitution of the United States. Carrigan & Mains moved for summary judgment in the trial court, Cook submitted a motion contra and a request to add the municipal court referee as a party defendant in the action. The trial court granted Carrigan & Mains' motion for summary judgment and dismissed Cook's complaint. At the same time the trial court overruled Cook's motion to add the referee as a party. Cook has filed a timely appeal from that order and presents a single assignment of error:

"The Court of Common Pleas of Clark County erred when it sustained the defendant's motion for summary judgment and refused to add referee Filhart as a party to this case."

■ Civ.R. 56 provides that before summary judgment may be granted a trial court must find (1) that no genuine issue as to any material fact remains to be litigated, (2) that the movant is entitled to judgment as a matter of law, and (3) that it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. In granting or reviewing a summary judgment the inferences to be drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 21 O.O.3d 267, 424 N.E.2d 311.

Cook's complaint alleged that the debtor's exam was an actionable invasion of his privacy. Cook argues that the debtor's exam was unnecessary as he had offered two certificates of deposit as bond to stay proceedings to enforce the underlying judgment debt. The referee denied the motion for bond and proceeded with the debtor's exam.

■ An actionable invasion of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. *Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340.

R.C. 2333.09 provides:

"A judgment creditor shall be entitled to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part. Such order shall be issued by a probate judge or a judge of the court of common pleas in the county in which the judgment was rendered or in which the debtor resides, requiring such debtor to appear and answer concerning his property before such judge, or a referee appointed by him, at a time and place within the county to be specified in the order."

■ Carrigan & Mains was entitled to and obtained a form or order provided by R.C. 2333.09. Cook did not obtain a stay of proceedings pursuant to Civ.R. 62(B), which requires approval of a supersedeas bond by the trial court. A referee is not authorized to approve bond. Absent a proper stay of proceedings, the judgment creditor is entitled to enforce his judgment by any means provided by law, including an examination pursuant to R.C. 2333.09.

■ We have reviewed the transcript of the proceedings of the debtor's examination. Those proceedings were confined to matters concerned in R.C. 2333.09. There is no evidence of an unwarranted or wrongful intrusion into Cook's private activities; the terms of the statute permit a judgment creditor to make such inquiries, and a judgment creditor who obtains an order for

examination pursuant to the statute and confines his inquiries to the scope of the statute is not subject to an action for invasion of privacy.

■ Carrigan & Mains was also entitled to judgment as a matter of law on Cook's claim of unreasonable search and seizure. The order for examination pursuant to R.C. 2333.09 warranted the debtor examination and removes any basis to conclude that it was illegal and in violation of the Fourth Amendment.

■ Cook also argues that the trial court erred when it overruled his motion to add the municipal court referee as a party defendant. In evaluating the merit of Cook's claim on appeal we are mindful that a trial court is afforded broad discretion in deciding motions which seek to bring another party into pending litigation. *Bill Gates Custom Towing, Inc. v. Branch Motor Express* (1981), 1 Ohio App.3d 149, 1 OBR 460, 440 N.E.2d 61. Reversal of such decisions will occur only when it is clear that the trial court abused its discretion by acting in a unreasonable, arbitrary, or unconscionable manner.

■ Cook moved to add the referee on August 14, 1991, some seventeen months after his complaint was filed and while Carrigan & Mains' motion for summary judgment was pending before the trial court. This fact, when taken with the well-settled principle of immunity of judicial officers, causes us to conclude that the trial court did not abuse its discretion in overruling Cook's motion. The assignment of error will be overruled.

Cook's sole assignment of error is overruled. The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.