OPINION
This is an accelerated calendar appeal. Pacific Financial Services, Inc. ("appellant") appeals the July 19, 2000 judgment entry by the Portage County Court of Common Pleas overruling the motion to set aside a sheriff's sale of foreclosed property.
Triple F Investments, Inc. ("appellee") was the fee simple owner of real property located at 9424 State Route 224 in Deerfield, Portage County, Ohio. On July 14, 1989, appellee and appellant entered into a written land installment contract by which appellee agreed to sell and appellant agreed to purchase the property located at 9424 State Route 224 at the purchase price of $216,500. Appellant agreed to pay $30,000 as a down payment. The remaining principal balance, together with accrued interest at the rate of eleven percent per annum, would be paid in thirty-six monthly installments of $2,000 beginning on August 1, 1989. Appellant also agreed to pay the taxes, utilities, and insurance. The parties amended this contract on August 15, 1994, reducing the interest rate from eleven per cent to nine percent per annum.
On January 29, 1999, appellee filed an amended complaint to foreclose on the land installment contract.[1] Appellee alleged that appellant failed to make the monthly principal and interest payments since May 14, 1995, failed to provide insurance coverage, and failed to make payments on the taxes and assessments pursuant to the contract. On February 22, 1999, appellant filed an answer to the complaint denying the allegations.
A bench trial commenced on January 26, 2000. Those present at trial included Phillip W. Courtney, president of appellee corporation, counsel for appellee, and counsel for appellant. At the onset of trial, appellant's counsel moved for a continance due to the absence of Mr. Lomaz, president and owner of appellant corporation. The court overruled this motion. Mr. Courtney testified as a witness on behalf of appellee corporation; however, appellant's counsel did not conduct a cross-examination. Appellee submitted several exhibits, which were admitted into evidence. These exhibits included, among other things, the original and amended land installment contract and a certified letter giving appellant notice of default as required by R.C. 5313.06.
On February 8, 2000, the trial court filed a decree of foreclosure and an order of sale. The court found appellant in default on the land installment contract. The court noted that the last payment by appellant was made on May 14, 1995; accordingly, appellant owed $139,686.22 as of January 26, 2000, with interest accruing at the rate of nine percent per annum.[2] The trial court granted appellant three days to satisfy the full amount owed. However, after the three days, if appellant failed to satisfy the full balance, the property would be foreclosed and an order of sale would be issued to the sheriff directing him to appraise, advertise, and sell the property.
On February 22, 2000, appellee filed a praecipe with the clerk of courts for an order directing the sheriff to sell the property pursuant to the February 8, 2000 judgment entry. The sheriff appraised the property at $175,000. Notice of the sheriff's sale was published in a newspaper with general circulation in Portage County. This notice was published for five weeks, on the same day of the week, beginning on March 2, 2000. The notice stated that the foreclosed property would be sold at a public auction on April 3, 2000 "at the front of the Courthouse" in Ravenna, Ohio.
On March 7, 2000, appellant filed a timely notice of appeal with this court appealing the February 8, 2000 judgment entry order of sale.[3]
However, on May 23, 2000, this court, sua sponte, dismissed appellant's appeal for failure to prosecute.
In the period between appellant's appeal and the dismissal of that appeal, on April 3, 2000, the property was sold to the highest bidder, appellee, for $140,000. On April 28, 2000, the trial court filed a judgment entry confirming the sale and ordering distribution of the proceeds. The court found that the sale conformed to the law in all respects. Appellee was awarded a deficiency judgment against appellant for $2,286.35 at the interest rate of ten percent per annum. Appellant was served with a copy of this judgment entry, which included language that it was a final and appealable entry; however, appellant did not appeal the deficiency judgment entry.
On May 15, 2000, appellant filed a motion with the trial court to set aside the sheriff's sale. Appellant argued that notice of the sale was not served on appellant, that the appraised value was grossly understated, and that there was a failure of due process as it related to appellant's property interest. Appellant argued that the only notice of the sale occurred when counsel was served with the April 28, 2000 judgment entry; however, notice was a constitutional prerequisite in such a proceeding which adversely affects a property interest when the interest holder's address is known and easily attainable. Attached to appellant's motion was a December 16, 1997 letter that appraised the property at $330,000.
On July 17, 2000, appellee filed a memorandum in opposition to appellant's motion to set aside the sale. Appellee argued that appellant's motion was untimely and was barred by the April 28, 2000 confirmation order. Additionally, appellee stated that, although a trial court may take action to enforce a final judgment even after an appeal is filed from that judgment, absent a stay of execution, a trial court lacks jurisdiction to take any action which directly alters or affects a judgment that is on appeal. From this reasoning, appellee argued the trial court was without jurisdiction to dispose of appellant's motion to set aside the sheriff's sale because it would require the trial court to take action which directly alters and affects the decree of foreclosure and order of sale, which was on appeal at the time appellant filed his motion. Finally, appellee averred that personal notice is required only for parties who appear and defend a foreclosure case. From that argument, appellee contended that personal notice was not required because the president of appellant corporation did not appear and appellant's counsel did not cross-examine appellee's witness.[4]
A hearing was held on July 17, 2000, to address appellant's motion to set aside the sheriff's sale. On July 19, 2000, the court filed a judgment entry overruling appellant's motion; however, no further explanation was included in that judgment.
Appellant filed a timely notice of appeal from the July 19, 2000 judgment entry overruling the motion to set aside the sheriff's sale. Appellant asserts the following assignments of error:
 "[1] The trial court erred in confirming the sale of the foreclosed property and in ordering the distribution of the proceeds from the sale.
 "[2] The trial court erred in overruling defendant-appellant's motion to set aside the sale."
 Within appellant's first assignment of error, appellant asserts two separate arguments for review. First, appellant contends that the trial court did not have jurisdiction to file the April 28, 2000 judgment entry confirming the sale and ordering distribution of the proceeds because the February 8, 2000 judgment entry was on appeal at that time. Second, appellant asserts that personal notice of the impending foreclosure sale should have been given, pursuant to R.C. 2329.26, because appellant was not in default. Rather, appellant filed an answer to the complaint and counsel appeared at trial; hence, the trial court erred in confirming the sale and ordering distribution of the proceeds.[5]
Appellant's first argument raises an issue of law regarding the trial court's jurisdiction to file the April 28, 2000 judgment entry. The appeal before us results only from the July 19, 2000 judgment entry denying appellant's motion to set aside the sheriff's sale, not the April 28, 2000 confirmation of sale and order of distribution. However, appellant's first argument, concerning the trial court's jurisdiction to enter the April 28, 2000 judgment entry, is intrinsically related to appellant's appeal of the July 19, 2000 entry. Accordingly, we will address appellant's first argument of law.
This court has held that a debtor may immediately appeal an order of sale and decree of foreclosure because such are final and appealable orders. Ohio Dept. of Taxation v. Plickert (1998), 128 Ohio App.3d 445,446 (citing Third Natl. Bank of Circleville v. Speakman [1985],18 Ohio St.3d 119). Once an order of sale and decree of foreclosure is filed, a creditor may file a praecipe for an order directing the sheriff to sell the property. This second phase of the proceedings is viewed as a separate and distinct action seeking enforcement of an order of sale and decree of foreclosure. Ohio Dept. of Taxation at 447. The appraisal of the foreclosed property, the sheriff's sale, and the confirmation of that sale have been described as special proceedings to enforce an order of sale and decree of foreclosure. Citizens Loan Savings Co. v. Stone
(1965), 1 Ohio App.2d 551, 552; Shumay v. Lake Chateau, Inc. (Apr. 22, 1981), Medina App. Nos. 1013 and 1034, unreported, at 6.
Moreover, R.C. 2505.09 provides, in part:
 "* * * [A]n appeal does not operate as a stay of execution until a stay of execution has been obtained
* * * and a supersedeas bond is executed by the appellant to the appellee, with sufficient sureties and in such sum, not less than, if applicable, the amount of the final order, judgment, or decree and interest involved, as is directed by the court that rendered the final order, judgment, or decree that is sought to be superseded or by the court to which the appeal is taken. * * *" (Emphasis added.)
 Civ.R. 62(B) and App.R. 7 set forth the procedural guidelines for a stay of execution of a judgment on appeal. Specifically, Civ.R. 62(B) provides that once an appeal is taken, an appellant may obtain a stay of execution of a judgment by giving an adequate supersedeas bond at or after the filing of an appeal. App.R. 7 provides that the application for a stay of the trial court's judgment and the determination of the amount of the supersedeas bond are ordinarily made with the trial court.
This court has held that once a final judgment or order has been filed, a party has a legal right to initiate proceedings to aid in the execution of that judgment in an attempt to obtain satisfaction of that judgment even after a notice of appeal is filed from that judgment.Hagood v. Gail (1995), 105 Ohio App.3d 780, 785. Nonetheless, a party may not begin proceedings to enforce a final judgment if a stay of execution has been granted. Hagood at 785; Cook v. Carrigan MainsFuneral Home, Inc. (1992), 79 Ohio App.3d 328, 331.
The mere filing of an appeal does not deprive a trial court of its authority to enforce a final judgment. State ex rel. State Fire Marshallv. Curl (2000), 87 Ohio St.3d 568, 569; Hagood at 785; White v. White
(1977), 50 Ohio App.2d 263, 270; In re Kurtzhalz (1973), 141 Ohio St. 432. Rather, a trial court retains jurisdiction to enforce a final judgment and to initiate any proceedings in support of that judgment unless a valid stay order and supersedeas bond have been posted. Hagood at 785;Strah v. Lake Cty. Humane Soc. (1993), 90 Ohio App.3d 822, 836; State exrel. Klein v. Chorpening (1983), 6 Ohio St.3d 3, 4; White at 272; Vavrinav. Greczanik (1974), 40 Ohio App.2d 129, 132.
The Ninth Appellate District addressed a similar argument of law as in the present case. In Shumay v. Lake Chateau, Inc. (Apr. 22, 1981), Medina App. Nos. 1013 and 1034, unreported, the appellant argued the trial court lacked jurisdiction to enter a final order confirming a sale and distributing the proceeds once an appeal was filed pertaining to the foreclosure order. The court held that a decree of foreclosure and order of sale is properly appealable, and jurisdiction of that cause lies properly with the reviewing court upon the filing of a notice of appeal from that decree and order. Id. at 6. Nevertheless, the court held that a trial court retains a "quantum of jurisdiction" to enforce a final judgment or order, absent an order to stay the proceedings complained of by an appellant. Id. at 7.
Appellant's reliance on Chase Manhattan Bank v. Salehi (Feb. 16, 2001), Portage App. No. 2000-P-0114, unreported, in its appellate brief concerning the first assignment of error, is misplaced. In Salehi,
appellants attempted to file a notice of appeal of the confirmation of sale. However, the trial court had not yet filed the order confirming the sale; rather, the court merely issued a judgment entry adopting the magistrate's decision, which overruled appellants' motion to deny the confirmation of sale. Id. This court found appellants' appeal to be premature because there was no final and appealable order from which appellants could appeal. Id. Accordingly, we dismissed appellants' appeal, permitting appellants to file a new notice of appeal once the trial court filed an order confirming the sale. Id.
In the case sub judice, unlike Salehi, appellant did not prematurely appeal the April 28, 2000 confirmation of sale; rather, appellant's initial appeal stemmed from the February 8, 2000 order of sale and decree of foreclosure. The record demonstrates that appellant did not move for a stay of execution of the February 8, 2000 final judgment entry. Thus, appellee retained a legal right to initiate proceedings to obtain fulfillment of that order and decree. Accordingly, appellee filed a praecipe with the clerk of courts for an order directing the sheriff to sell the property. Likewise, the trial court retained jurisdiction to enforce the February 8, 2000 final order of sale and decree of foreclosure. As a result, the trial court retained jurisdiction to enter the April 28, 2000 confirmation of sale and order of distribution. Appellant's first assignment of error lacks merit.
Appellant's first and second assignments of error are also predicated on appellant's assertion that personal notice of the sheriff's sale should have been sent to appellant since appellant was a known party to the action; hence, the trial court erred in confirming the sale. Appellant also argues in its second assignment of error that the appraisal value was grossly understated and that there was a failure of due process in the sale and sale procedures.
Appellant's lack of notice requirement is precluded for two procedural reasons.
First, appellant failed to file a timely appeal of the April 28, 2000 confirmation of sale order, even though appellant acknowledged in its appellate brief that a copy of that final and appealable judgment had been received. That order, therefore, became dispositive as to the propriety of the sale and the sale confirmation procedures, unless properly vacated by the trial court pursuant to Civ.R. 60(B). R.C. 2329.27(B) provides that once a court enters a judgment confirming a sale, the entry is deemed to encompass certain judicial findings. R.C. 2329.27(B) states, in relevant part:
"* * *
 "(3) If the court * * * enters its order confirming the sale * * * the order shall have both of the following effects:
 "(a) The order shall be deemed to constitute a judicial finding as follows:
 "(i) That the sale * * * complied with the written notice requirements * * * and the public notice requirements * * * or that compliance of that nature did not occur but the failure to give a written notice to a party entitled to notice * * * has not prejudiced that party;
 "(ii) That all parties entitled to notice * * * received adequate notice of the date, time, and place of the sale * * *.
 "(b) The order bars the filing of any further motions to set aside a sale * * *."
 In the case before us, pursuant to R.C. 2329.27(B)(3)(a)(i) and (ii), once the trial court filed the confirmation of sale, the order constituted a final, appealable judicial finding that the necessary notice requirements were satisfied. Essentially, the judgment entry stated that "[t]he Court finds that after carefully examining the return, that the sale was made in all respects and conforming to the law, and the Orders of this Court, and hereby finds that the sale should be and hereby is approved and confirmed * * *." (Emphasis added.) When reviewing a lower court's judgment, there exists a presumption of regularity in the lower court's proceedings. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7.
Since appellant did not appeal the April 28, 2000 confirmation of sale order, that order is dispositive as to the procedural and legal propriety of the sale. Appellant's current effort to raise such issues by a motion to set aside is precluded by the now final and unappealable confirmation of sale order under the doctrine of res judicata. Appellant cannot assert specific errors from that final and appealable April 28, 2000 entry for the first time during this instant appeal of the July 19, 2000 judgment entry.Second, in the case sub judice, upon review of the record, a hearing was conducted on July 17, 2000, to address appellant's motion to vacate the trial court's judgment entry confirming the sale of the subject property; however, no transcript of this hearing is contained in the record. The procedures of App.R. 9(C) or (D) to correct the lack of a transcript also have not been employed. An appellant bears the burden of showing error by referencing those issues in the record. App.R. 12(A)(2). Moreover, the July 19, 2000 judgment entry does not provide us with any additional insight into the trial court's reasoning for denying appellant's motion. In such a situation, a reviewing court has nothing to pass upon. Thus, in addition to the preclusive effect of res judicata in this case, we have no choice but to presume regularity in the lower court's proceedings. Hart, supra, at 7; Knapp v. Edwards Laboratories
(1980), 61 0hio St. 2d 197, 199. For these reasons, appellant's second assignment of error lacks merit.
Therefore, the July 19, 2000 judgment entry of the trial court is hereby affirmed.
 ________________________ JUDGE DIANE V. GRENDELL
FORD, P.J., NADER, J. concur.
[1] Appellee originally filed the complaint on November 25, 1998; however, appellee's amended complaint clarified the exact amounts that appellant owed.
[2] This balance included $124,133.13 in principal and interest on the land installment contract, $4,632 in insurance premiums, and $10,921.09 in real estate taxes.
[3] This was a final and appealable judgment entry. The record shows that appellant did not seek a stay of execution of this judgment.
[4] Appellant did file an answer to appellee's complaint and did appear at trial through counsel.
[5] On April 5, 2001, appellant filed a request to supplement its appellate brief. Appellant asserts that our holding in Chase ManhattanBank v. Salehi (Feb. 16, 2001), Portage App. No. 2000-P-0114, unreported, is on point with the facts of the instant case and relevant to its first assignment of error. Salehi, in relation to the present case, is discussed herein.