[Cite as *Rafferty v. CNE Poured Walls, Inc.*, 2011-Ohio-5143.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| LARRY RAFFERTY, | : | Case No. 10CA16 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | <u>DECISION AND</u> |
| v. | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| CNE POURED WALLS, INC., | : | |
| | : | **RELEASED: 09/15/11** |
| Defendant-Appellee. | : | |

_____

APPEARANCES:[1]

Richard M. Lewis and Jennifer L. Routte, The Law Firm of Richard M. Lewis, LLC, Jackson, Ohio, for appellant.

_____

Harsha, P.J.

{¶1}   Larry Rafferty filed suit against CNE Poured Walls, Inc. alleging the company improperly poured the concrete walls for the foundation of his new home. A jury awarded him both compensatory and punitive damages and found that he was entitled to attorney fees. Before the trial court determined the amount of attorney fees, Rafferty filed a motion to add James Eggers, part owner of CNE, as a party-defendant. After the trial court denied the motion and set the amount of attorney fees, Rafferty filed this appeal.

{¶2}   Rafferty contends that the trial court erred when it denied his motion to add Eggers as a party. In making its decision the court incorrectly noted that: 1) it would have to set aside the verdict against CNE if it granted the motion, and 2) the motion was "well beyond the time permitted by the Civil Rules to add a party." Accordingly, we reverse and remand so that the court can redetermine the merits of the

---

[1] CNE did not file a brief or otherwise enter an appearance in this appeal. Nor did James Eggers seek leave to intervene. See Civ.R. 1(C) and Civ.R. 24, which arguably would allow intervention here. See also *Queen City Lodge No. 69, FOP v. SERB*, Hamilton Co. App. No. C-060530, 2007-Ohio-170.

motion by focusing upon the traditional factors for determining whether to add parties, i.e. fundamental fairness, timeliness, prejudice to existing defendants, and good faith.

## I.  Facts

{¶3}    In July 2008, Rafferty filed a complaint against CNE alleging that he entered into a contract to have CNE pour concrete walls for the foundation of his new home.  According to Rafferty, CNE agreed to complete the work by June 1, 2008, but did not begin until June 3.  Rafferty also claimed that CNE agreed to pour the walls parallel to Limerick Road, but it poured the walls at an angle and made various other errors.  Rafferty alleged claims for breach of contract, negligent construction, fraud in the inducement, and violations of the Ohio Consumer Sales Practices Act (CSPA).

{¶4}    In March 2010, a jury found in Rafferty's favor, awarded him compensatory damages and punitive damages, and concluded that he was entitled to attorney fees.  In May 2010, before the trial court determined the amount of attorney fees, Rafferty filed a motion under Civ.R. 20 and Civ.R. 21 to add Eggers as a defendant.  Rafferty informed the court that he wanted to assert claims against Eggers for "personal liability for the fraud and violations of the CSPA in which he engaged" based on Eggers' trial testimony.  According to Rafferty, CNE and Eggers were both liable to him for the full amount of damages the jury awarded.  Rafferty noted that his motion was filed within the applicable statute of limitations for claims against Eggers.

{¶5}    The trial court denied the motion, finding:

Plaintiff now wants to make James Eggers personally liable for the verdict returned solely against Defendant CNE Poured Walls, Inc.

In order to find or hold James Eggers liable for any of the damages found by the jury in favor of Plaintiff, Mr. Eggers would have to be given the opportunity to fully defend the action.  This would require an entirely new trial with Mr. Eggers given the opportunity to present all defenses available to him.

It would appear to the Court that for Plaintiff to prevail on its motion the verdict previously awarded would need to be set aside and a new trial ordered. Plaintiff was aware of the relationship of James Eggers to the Defendant prior to the jury trial. James Eggers was present and testified. In addition, Mr. Eggers attempted to appear on behalf of the Defendant. Plaintiff objected to this on the basis that Defendant was a corporation and James Eggers was not licensed to practice law. The Court sustained this objection and did not permit James Eggers to participate in the trial.

This matter, having proceed[ed] to jury trial, verdict and judgment, would appear to this Court well beyond the time permitted by the Civil Rules to add a party.

{¶6} After the court determined the amount of attorney fees CNE owed Rafferty, he filed this appeal.

## II. Assignment of Error

{¶7} Rafferty assigns one error for our review:

Appellant claims the court erred when it denied Plaintiff's Motion to Join James Eggers as a Defendant, filed on May 7, 2010.

## III. Motion to Add a New Party-Defendant

{¶8} Initially, we must determine the appropriate standard of review. Rafferty based his motion to add Eggers as a party-defendant on Civ.R. 20(A) and Civ.R. 21. Civ.R. 20(A), provides:

**Permissive joinder.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

**{¶9}**  Civ.R. 21, "**Misjoinder and Nonjoinder of Parties**," states:

Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

**{¶10}**  On appeal, Rafferty focuses solely on Civ.R. 20(A) in discussing our standard of review.  Rafferty contends that if the requirements of Civ.R. 20(A) are met, a court has no discretion to deny a motion to add a party, and we must review the court's denial of his motion de novo.  He cites Klein and Darling's Ohio Civil Practice, Section 20:2, for the proposition that the term "may" in Civ.R. 20(A) relates to action by the plaintiff, not action by the court, and that "[n]o good reason appears why a trial court should have discretion to deny joinder which satisfies the requirements of Civ. R. 20(A)." (Appellant's Br. 5).  Rafferty claims that all of the requirements to join Eggers as a defendant under Civ.R. 20(A) were satisfied, so the court erred as a matter of law when it denied his motion.

**{¶11}**  However, Civ.R. 20(A) does not invest plaintiffs with the right to unilaterally add new party-defendants at any stage of the proceedings, even after trial. The Staff Note to Civ.R. 20 states:  "Joinder of parties under Rule 20(A) occurs at the pleading stage."  If a plaintiff wishes to later add a new party-defendant who meets the requirements of Civ.R. 20(A), the proper rule to invoke is Civ.R. 21, which "expressly governs initial nonjoinder and subsequent addition of parties."[2]  *Darby v. A-Best Products Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, at ¶10.  See, also, *EnQuip Technologies Group, Inc. v. Tycon Technoglass, S.R.L.*, Greene App. Nos. 2009 CA 42 & 2009 CA 47, 2010-Ohio-28, at ¶33, quoting Fink, Greenbaum, and

---

[2] The Supreme Court of Ohio has also indicated that parties can move to add parties under Civ.R. 15(A); however, Rafferty does not rely on this rule.  See *Darby v. A-Best Products Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, at ¶¶11-12.

Wilson, *Guide to the Ohio Rules of Civil Procedure* (2006 ed.), ¶21:2 (stating Civ.R. 21 is the "mechanism for correcting either the misjoinder or nonjoinder of parties" under Civ.R. 20). See, generally, Staff Note to Civ.R. 21 (stating rule "must be read in conjunction with * * * Rule 20, Permissive Joinder of Parties"). "The intent of Civ.R.21 is to bring in a party 'who, through inadvertence, mistake or for some other reason,' was not originally made a party and whose presence is necessary or desirable." *EnQuip Technologies Group, Inc.* at ¶32, quoting *Bill Gates Custom Towing, Inc. v. Branch Motor Express Co.* (1981), 1 Ohio App.3d 149, 150, 440 N.E.2d 61.

{¶12} We review a trial court's decision on a Civ.R. 21 motion seeking leave to add new parties for an abuse of discretion. *Darby* at paragraph one of the syllabus. The term "abuse of discretion" implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Adams* (1980), 62 Ohio St .2d 151, 157, 404 N.E.2d 144. Courts have "no discretion to apply an improper analysis or process in deciding an issue even where they may have discretion in the ultimate decision on the merits." *State v. Henderson,* Vinton App. No. 07CA659, 2008-Ohio-2063, at ¶5.

{¶13} The trial court did not specifically address the issue of whether Eggers qualified for permissive joinder under Civ.R. 20(A). Rafferty argues that in his "Amended Complaint adding Eggers as a Defendant claims were asserted against CNE and Eggers" that met the requirements of Civ.R. 20(A). (Appellant's Br. 6). However, Rafferty never filed an amended complaint or a proposed amended complaint. Nonetheless, it is apparent that Rafferty claims that Eggers violated the CSPA and those violations form the basis for both CNE's liability and Eggers' personal liability. Thus it is clear that Rafferty is claiming a right to relief against both CNE and Eggers "in respect of or arising out of the same transaction, occurrence, or succession or series of

transactions or occurrences" and that questions of law or fact common to CNE and Eggers will arise.  Therefore, Eggers would qualify for permissive joinder under Civ.R. 20(A).

{¶14}  The trial court gave a number of reasons for its decision to deny Rafferty's motion.  Significantly, the court concluded that it would have to set aside the verdict against CNE if it granted Rafferty's motion.  However, the court would not have authority to set aside a verdict for that reason.  And as Rafferty points out, if the court granted the motion it would simply hold a separate trial for the claims against Eggers.  See Civ.R. 42(B).

{¶15}  In addition, the court stated that "[t]his matter, having proceed[ed] to jury trial, verdict and judgment, would appear to this Court well beyond the time permitted by the Civil Rules to add a party."  However, at the time Rafferty filed his motion, the court had not entered a final order, and Civ.R. 21 states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative *at any stage of the action* and on such terms as are just."  (Emphasis added).  Thus even though the jury awarded a verdict against CNE, Eggers could still be added as a party under the Civil Rules.  See *Ahern v. Ameritech Corp.* (2000), Cuyahoga App. Nos. 75807-75809, 137 Ohio App.3d 754, 766, 739 N.E.2d 1184.

{¶16}  Moreover, the trial court appears to rely upon other improper factors when it stated:

> Plaintiff was aware of the relationship of James Eggers to the Defendant prior to the jury trial.  * * * In addition, Mr. Eggers attempted to appear on behalf of the Defendant.  Plaintiff objected to this on the basis that Defendant was a corporation and James Eggers was not licensed to practice law.  The Court sustained this objection and did not permit James Eggers to participate in the trial.

However, Rafferty's awareness of Eggers' relationship to CNE is a separate issue from

when Rafferty became aware of facts that would support a lawsuit against Eggers, i.e. his mere capacity as a co-owner would not expose him to potential liability. Rafferty would have to learn additional facts to support an effort to pierce the corporate veil. And the fact that Rafferty properly objected when Eggers attempted to engage in the unauthorized practice of law bears no relationship to when Rafferty should have known enough to join Eggers, or whether it is appropriate to add Eggers as a party at this stage of the proceedings.

{¶17} Because the court considered improper factors to reach its decision, we reverse and remand so the trial court can decide whether to grant the motion using traditional factors. Unless it is apparent the proposed claims against Eggers are "wholly futile," the court should disregard the merits of the proposed claims and rule on the motion based on traditional grounds, which include fundamental fairness, judicial efficiency, timeliness, prejudice to the existing defendants and lack of good faith on the part of the movant. *Darby*, supra, at ¶¶11, 16, 21. In considering the plaintiff's request for leave to amend, a primary consideration should be whether there is actual prejudice to the existing defendants. Id. at ¶20.

JUDGMENT REVERSED<br>AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that  the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
         William H. Harsha, Presiding Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**