RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0132P (6th Cir.)
File Name: 03a0132p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

R. KENNY LETHERER;
PATRICIA LETHERER;
CYNTHIA MICOFF,
     *Plaintiffs-Appellees,*

     *v.*

ALGER GROUP, L.L.C.,
     *Defendant-Appellant,*

LOEWEN GROUP
INTERNATIONAL, INC.,
     *Defendant-Appellee.*

No. 02-1041

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 01-10200—David M. Lawson, District Judge.

Argued: November 14, 2002

Decided and Filed: May 7, 2003

Before: MOORE and COLE, Circuit Judges; SARGUS,
District Judge.*

---

*The Honorable Edmund A. Sargus, Jr., United States District Judge
for the Southern District of Ohio, sitting by designation.

1

---

---

## COUNSEL

**ARGUED:** Sherry L. Katz-Crank, MILLER, CANFIELD, PADDOCK & STONE, Lansing, Michigan, for Appellant. Peter C. Jensen, JENSEN, GILBERT, SMITH & BORRELLO, Saginaw, Michigan, Robert H. S. Schaffer, CLINE, CLINE & GRIFFIN, Flint, Michigan, for Appellees. **ON BRIEF:** Sherry L. Katz-Crank, Robert A. LeFevre, MILLER, CANFIELD, PADDOCK & STONE, Lansing, Michigan, for Appellant. Peter C. Jensen, JENSEN, GILBERT, SMITH & BORRELLO, Saginaw, Michigan, Robert H. S. Schaffer, CLINE, CLINE & GRIFFIN, Flint, Michigan, for Appellees.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Alger Group, L.L.C. ("Alger") appeals from the district court's November 20, 2001, order dismissing Defendant-Appellee Loewen Group International, Inc. ("Loewen"), and remanding the case to state court. Plaintiffs-Appellees R. Kenny Letherer, his wife Patricia Letherer, and their daughter Cynthia Micoff ("Letherers") filed suit against Alger in the Saginaw County Circuit Court ("state court") for breach of a contract relating to the sale of certain cemetery properties. The court placed an equitable and judicial lien on the properties. The Letherers then filed a separate action in the same court, seeking foreclosure on the liens. During that case, the Letherers filed a motion to impound income to Alger that was otherwise due to Loewen. The court added Loewen to the case as a party defendant, and Loewen had the case removed to the Eastern District of Michigan because it related to Loewen's Chapter 11 bankruptcy proceeding. The Letherers and Loewen, without Alger's consent, then entered a stipulation purporting to withdraw the Letherers' only claim

against Loewen and dismiss Loewen as a party. The district court issued an order dismissing the claim, dismissing Loewen, and remanding the case. Alger appeals. We affirm the district court's order.

## I. FACTS AND PROCEDURE

According to the Letherers, they conveyed certain cemetery properties to Loewen on November 8, 1996. Loewen immediately transferred legal title to the properties to Alger. Alger and Loewen subsequently refused to execute and file mortgages on the properties as was required by the contract of sale between the Letherers and Loewen. On July 7, 1999, the Letherers filed suit against Alger in state court for breach of contract and sought an equitable lien on the properties. The Letherers alleged that Alger was Loewen's assignee under the contract between the Letherers and Loewen. On October 31, 2000, the state court placed an equitable and judicial lien on the properties in the amount of $1.7 million. The state court entered a final judgment on the first suit on February 2, 2001.

The Letherers filed a second suit against Alger in state court on November 28, 2000, requesting foreclosure on the equitable lien to enforce the outcome of their first suit. Loewen sought to intervene in the action, but the state court denied the motion. The state court concluded that because Loewen continually had failed to assert an interest in the cemetery properties, Loewen was not a necessary or proper party. The state court entered a judgment of foreclosure in favor of the Letherers on February 15, 2001.

On April 10, 2001, the Letherers filed a motion in the second suit seeking either to enjoin Alger's sale of the burial plots in question and/or to impound any income received from such sales. The state court granted the Letherers' motion, holding that all proceeds from the sale of burial plots should be placed in a separate account until Loewen either accepted or rejected the 1996 sales agreement, or until the foreclosure sale was complete. In the same order, the state court joined

Loewen as a defendant for two specific purposes: (1) "the limited purpose of escrowing the proceeds from the sale of the burial plots," and (2) "the limited purpose of enforcing the Purchase Agreement obligations with respect to the foreclosure sale." Joint Appendix ("J.A.") at 165 (State Ct. Order).

Loewen removed the second suit to federal district court, contending that the district court had federal bankruptcy jurisdiction over the matter because the escrowing of proceeds from the sale of the cemetery plots related to Loewen's Chapter 11, 11 U.S.C. § 101 *et seq.*, bankruptcy case. *See* 28 U.S.C. § 1334(b). The Letherers filed a motion to remand to state court, arguing that the properties were not part of the bankruptcy estate and that the case therefore did not fall under 28 U.S.C. § 1452(a), which permits the removal of claims related to bankruptcy cases.

The district court denied the Letherers' motion to remand on November 20, 2001, but in fact remanded the case that same day on other grounds. On November 5, 2001, the Letherers and Loewen had entered a stipulation to dismiss all claims against Loewen, withdrawing Loewen's request that the court place all proceeds from the sale of cemetery plots in escrow and ostensibly eliminating the need for Loewen to be a party to the action. The stipulation provided:

> Plaintiffs and Defendant LOEWEN hereby agree and stipulate to dismiss LOEWEN from this case as a party Defendant, without costs to be assessed to either party, and also stipulate and agree that the portion Order of the Circuit Court granting such cemetery plot proceeds be placed in escrow and adding Defendant LOEWEN as a party Defendant shall be declared null and void and any proceeds currently in escrow shall be released to LOEWEN through its attorneys at Cline, Cline & Griffin.

J.A. at 169 (Stipulation to Dismiss).

Alger was not a party to the stipulation and did not consent to it. Without giving Alger an opportunity to brief the issue or holding a hearing, the district court accepted the stipulation and ordered the dismissal of Loewen with prejudice. Alger maintains that it planned to file a claim against Loewen as soon as the district court decided whether it had jurisdiction over the action.

The district court described the agreement between the Letherers and Loewen as a stipulation "to dismiss all claims against Loewen." J.A. at 179 (District Ct. Order). According to the district court, the stipulation eliminated any need for Loewen to participate in the case as a party defendant. After dismissing the claims against Loewen, the party in bankruptcy, the district court concluded that it no longer had jurisdiction over the matter because the "case no longer 'relate[d] to' a case arising under Title 11." J.A. at 180 (District Ct. Order).

The district court issued the following order:

> Accordingly it is **ORDERED** that pursuant to the stipulation, the request to place the cemetery plot proceeds into escrow is **WITHDRAWN**.
> It is further **ORDERED** that Defendant Loewen Group International, Inc., is **DISMISSED** with prejudice and without costs.
> It is further **ORDERED** that this Case is **REMANDED** to the Saginaw County Circuit Court."

J.A. at 180 (District Ct. Order). Alger appeals this order.

## II. ANALYSIS

### A. Jurisdiction to Review Remand Order

Although the parties did not raise the issue, we sua sponte consider whether this court has jurisdiction to review a district court's decision to remand an action to state court. *See Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 758

(6th Cir. 2000). Generally "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, because § 1447(d) must be read in conjunction with § 1447(c), *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976), appellate review of remand orders is prohibited only where the district court remands because it lacks subject matter jurisdiction at the time of removal. 28 U.S.C. § 1447(c); *see Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450 (6th Cir. 1993) (explaining that the reviewability of a remand order depends on whether the district court had subject matter jurisdiction at the time of removal). If a district court has jurisdiction at the time of removal, but jurisdiction is subsequently destroyed by later events, a remand order is reviewable. *Id.*

We conclude that the remand order at issue is reviewable on appeal. The parties do not dispute that the district court initially had jurisdiction to review the claim pursuant to 28 U.S.C. § 1452. Section 1452 permits a party to remove a civil claim or cause of action related to a bankruptcy case "to the district court for the district where such civil action is pending" as long as the district court would have original jurisdiction pursuant to § 1334. *Id.* § 1452(a). The district courts have original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). After transferring the cemetery properties to Alger in 1996, Loewen filed for voluntary reorganization under Chapter 11. The state court joined Loewen in the Letherers' action seeking foreclosure on the equitable liens because the Letherers sought to escrow proceeds from the sale of cemetery plots, to which Loewen was contractually entitled. Therefore, once Loewen was joined as a party, the Letherers' action was related to a Chapter 11 proceeding and federal bankruptcy jurisdiction arose. Because the district court had jurisdiction at the time of removal, the district court's subsequent remand for lack of jurisdiction in light of changed circumstances — the dismissal

of Loewen as a party — is reviewable by this court.  *Van Meter*, 1 F.3d at 450.

## B.  Loewen's Dismissal

### 1.  Characterizing the Dismissal

The Letherers and Alger disagree about how to characterize Loewen's dismissal.  On the one hand, the Letherers contend that Loewen was dismissed pursuant to Rule 21,[1] which provides that "[p]arties may be dropped . . . by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.  On the other hand, Alger argues that Loewen was voluntarily dismissed by notice, stipulation, or court order.  Fed. R. Civ. P. 41(a).  Pursuant to Rule 41, "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."  Fed. R. Civ. P. 41(a)(1).  Rule 41 also provides that, in other circumstances, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).

Although Alger and Loewen both contend that Rule 41 provides an appropriate basis for dismissal in this case, Rule 41 is confined to the "Dismissal of Actions."  As this court noted in *Philip Carey Manufacturing Co. v. Taylor*, 286 F.2d 782 (6th Cir.), *cert. denied*, 366 U.S. 948 (1961),

---

[1] Alger notes that the Letherers and Loewen first mentioned Rule 21 in their briefs before this court and objects that the district court did not refer to Rule 21 in its order.  However, as the district court did not refer to *any* rule in its order, that omission surely does not foreclose us from reviewing the appropriateness of dismissal under Rule 21.

". . . Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'  Rule 21 provides that 'Parties may be dropped or added by order of the court on motion ***' and we think that this rule is the one under which any action to eliminate . . . a party should be taken."

*Id.* at 785 (quoting *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir.), *cert. denied*, 345 U.S. 964 (1953)).[2]  The Sixth Circuit's interpretation of Rule 41 is unclear, however, because this court subsequently affirmed a district court's Rule 41 dismissal of all claims against one of two defendants in an action, without discussing why Rule 41 was the appropriate avenue for dismissal.  *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974).  We need not decide the scope of Rule 41 in this instance, however.  Because the Letherers did not dismiss the entire action, but rather sought to dismiss only one party from the action, we will assume that the district court dropped Loewen as a party pursuant to Rule 21.

---

[2] The First, Third, Fifth, Eighth, and Ninth Circuits have taken the opposite approach, interpreting Rule 41(a) to refer to the dismissal of all claims against a single defendant rather than the entire controversy against all defendants.  *Cabrera v. Municipality of Bayamon*, 622 F.2d 4, 6 (1st Cir. 1980); *Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir.), *cert. denied*, 326 U.S. 786 (1945); *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254-55 (5th Cir. 1973); *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966); *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).

Civil procedure treatises have also concluded that "the sounder view and the weight of judicial authority" suggest that a plaintiff can dismiss fewer than all defendants pursuant to Rule 41(a)(1).  9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2362, at 250 (2d ed. 1995); *see also* 8 James William Moore et al., *Moore's Federal Practice* § 41.21[3][a], at 41-35 (3d ed. 2000) (explaining that dismissal of fewer than all defendants is permissible under Rule 41 "as long as all claims are dismissed as against each one affected").

## 2. Dropping a Party for Misjoinder

We affirm a district court's decision to drop a misjoined party pursuant to Rule 21 absent an abuse of discretion. *See K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir. 1985); *Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 56 (7th Cir. 1982) ("[T]he district court has wide discretion in deciding whether to dismiss a party as a defendant in a civil action."). Therefore, we affirm the dismissal of a party for misjoinder "unless this court is left with a definite and firm conviction that the trial court committed a clear error of judgment." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998) (quotation omitted).

Courts cannot dismiss actions where there has been misjoinder of parties, but they may drop or add parties under Rule 21:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21. "A misjoinder of parties also frequently is declared because no relief is demanded from one or more of the parties joined as defendants." 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1683, at 475-76 (3d ed. 2001); *see American Fid. Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F. Supp. 164, 190 (D.C. V.I. 1975). Pursuant to Rule 21, a court may exercise its discretion to "drop a party from a lawsuit *sua sponte* whose presence no longer [a]ffects the issues being litigated." *Edgar v. City of Chicago*, 942 F. Supp. 366, 370 (N.D. Ill. 1996), *vacated on other grounds*, 137 F.3d 474 (7th Cir. 1998); *see Glendora v. Malone*, 917 F. Supp. 224, 227 n.3 (S.D. N.Y. 1996) ("Clearly, the court may rely on Rule 21 to delete parties that have no connection to the claims asserted.").

The state court added Loewen as a party defendant on April 23, 2001, in an order granting the Letherers' motion to impound income from the sale of the cemetery properties and/or enjoin the continued sale of the properties. The state court explained that "Loewen is properly joined as a defendant for the limited purpose of escrowing the proceeds from the sale of the burial plots *and* for the limited purpose of enforcing the Purchase Agreement obligations with respect to the foreclosure sale." J.A. at 165 (State Ct. Order) (emphasis added). Although the state court previously had found that Loewen had no legal or equitable title to the cemetery properties, it concluded that Loewen was appropriately joined in the action in light of Loewen's entitlement to receive all proceeds from the sale of cemetery plots pursuant to its sales agreement with Alger. On November 5, 2001, Loewen and the Letherers entered a stipulation that purportedly dismissed all claims against Loewen, rendered Loewen an unnecessary party to the action, and dismissed Loewen. The district court characterized the stipulation as "a stipulation to dismiss all claims against Loewen." J.A. at 179 (District Ct. Order). Assuming that no party was demanding relief from Loewen after this stipulation, the district court did not abuse its discretion by dismissing Loewen as a party.

Alger argues that the district court did abuse its discretion because the Letherers eliminated only one of the two purposes for which Loewen was joined as a defendant: the order dismissing Loewen stated that the Letherers' "request to place the cemetery plot proceeds in escrow is **WITHDRAWN**," J.A. at 179 (District Ct. Order), but did not mention Loewen's involvement in the suit "for the limited purpose of enforcing the Purchase Agreement obligations with respect to the foreclosure sale." J.A. at 165 (State Ct. Order). Although the district court's order described the stipulation as "dismiss[ing] all claims against Loewen," it did not specifically order all claims against Loewen dismissed. J.A. at 179 (District Ct.

Order). Thus, Alger argues that because the foreclosure sale is still an issue pending before this and other courts, the district court erred in dismissing Loewen.

We are not persuaded by Alger's argument. Although the state court joined Loewen as a defendant in the suit "for the limited purpose of enforcing the Purchase Agreement obligations with respect to the foreclosure sale," the Letherers did not state a claim for relief against Loewen in this regard. "[T]he Purchase Agreement obligations" referenced in the order joining Loewen do not implicate Loewen's relationship with the Letherers at all. J.A. at 165 (State Ct. Order). Rather, this provision of the order joining Loewen refers to Loewen's interest in ensuring that Alger continued to fulfill its contractual obligations to Loewen as the foreclosure sale proceeded. But Loewen's interests with respect to the foreclosure sale do not render Loewen an appropriate party defendant in the action. The Letherers never stated a claim against Loewen demanding that Alger and Loewen abide by their contractual obligations to each other, and Alger never stated any claim against Loewen. The *only* relief sought from Loewen was the diversion of Loewen's proceeds from the sale of cemetery plots into an escrow account. Therefore, once the Letherers withdrew their escrow request, Loewen's interest as a *defendant* was effectively eliminated because the Letherers no longer sought any relief from Loewen.[3] The district court did not abuse its discretion by concluding that Loewen, a party who was neither seeking relief nor having relief sought from it, was not an appropriate party to this action.

---

[3]The district court implicitly recognized the distinction between Loewen's continuing interest in the action and its lapsed interest as a party to the action when it said that the Letherers had stipulated to dismiss "all claims against Loewen" and then, pursuant to that stipulation, specifically ordered only that the Letherers' "request to place the cemetery proceeds into escrow [be] **WITHDRAWN**." J.A. at 179-80 (District Ct. Order). In the same order, the district court noted that "[n]o other claims or cross-claims are pending against Loewen presently." J.A. at 179 (District Ct. Order).

Alger further objects that the dismissal of Loewen was premature, because Alger intended to file claims against Loewen as soon as the district court announced its jurisdiction over the matter. Because the district court dismissed Loewen and remanded the action to state court immediately after finding a lack of jurisdiction, Alger claims that it did not have an opportunity to file its claims. We note, however, that Alger can still pursue any yet unasserted claims that it may have against Loewen. The district court's dismissal of Loewen did not eliminate any substantive right of Alger to file claims against Loewen in an appropriate court.

### III. CONCLUSION

For the foregoing reasons, we conclude that the district court did not abuse its discretion and **AFFIRM** the district court's order dismissing the claims against Loewen, dismissing Loewen as a party, and remanding the case to state court.