KORMANIK, Grdn., Appellee,

v.

COOPER et al., Appellees;  Ohio McGivney Pooled Special Needs Trust, Appellant.

Kormanik, Grdn., Appellee,

v.

Baxter et al., Appellees;  Ohio McGivney Pooled Special Needs Trust, Appellant.

S. Kormanik, Grdn., Appellant,

v.

Cooper et al., Appellees.

Kormanik, Grdn., Appellant,

v.

Baxter et al., Appellees.

[Cite as *Kormanik v. Cooper*, 190 Ohio App.3d 184, 2010-Ohio-4745.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 10AP–178, 10AP–179, 10AP–187, and 10AP–188.

Decided Sept. 30, 2010.

Michael L. Miller, for Paul S. Kormanik.

Browning, Meyer & Ball Co., L.P.A., and Richard F. Meyer, for Ohio McGivney Pooled Special Needs Trust.

Richard Cordray, Attorney General, and Henry G. Appel, Assistant Attorney General, for appellees Ohio Department of Job and Family Services and the state of Ohio.

---

SADLER, Judge.

{¶ 1} Plaintiff-appellant, Paul S. Kormanik ("Kormanik"), and defendant-appellant, Ohio McGivney Pooled Special Needs Trust ("McGivney Trust") (collectively, "appellants"), filed these consolidated appeals seeking reversal of judgments by the Franklin County Court of Common Pleas, Probate Division, in which the trial court dismissed the Ohio Department of Job and Family Services ("ODJFS") and the state of Ohio (collectively, "state defendants") as parties to these cases. The state defendants filed motions to dismiss the appeals for lack of a final,

appealable order. Because the judgments appealed from do not constitute final, appealable orders, we grant the motions to dismiss.

{¶ 2} These appeals involve cases in which Kormanik, acting as appointed guardian for two individuals who were found to be incompetent, filed actions in the probate court seeking to have qualifying pooled special-needs trusts established, pursuant to Section 1396p(d)(4)(C), Title 42, U.S.Code, on behalf of the two individuals. The first case, No. 524085 B ("the Baxter case"), named as defendants Violet Baxter (the individual for whom the trust was to be established), the state of Ohio, ODJFS, and the McGivney Trust. The second case, No. 536041 B ("the Cooper case"), named as defendants David Cooper (the individual for whom the trust was to be established), eight members of Cooper's family who may have an interest as next of kin, the state of Ohio, ODJFS, and the McGivney Trust. Each complaint stated that its purpose was to have the trial court establish a qualifying special-needs trust that would maintain the ward's eligibility to receive Medicaid benefits, with the McGivney Trust being the holder of the trust accounts.

{¶ 3} In each case, the state defendants filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). The state defendants argued that the only reason for including them as defendants in the action was so the court would be able to determine whether the trusts to be established would maintain Medicaid eligibility. The state defendants argued that the probate court had no jurisdiction to determine an individual's eligibility for Medicaid, because such determinations can be made only by administrative determination by the state agency responsible for Medicaid administration, citing *In re Guardianship of Stowell* (Aug. 3, 1995), 10th Dist. No. 95APF01–128, 1995 WL 458963. The state defendants argued that they should be dismissed as parties, and the trial court should then determine whether to establish the requested trusts. In the event that the trusts were established, determination of Medicaid eligibility would then be made at the administrative level by following the standard process.

{¶ 4} In response to the motions to dismiss, Kormanik argued that the actions sought not just establishment of trusts, but establishment of trusts that would comply with Section 1396(d)(4)(C), Title 42, U.S.Code, and thus not affect the wards' Medicaid eligibility. Kormanik argued that while the state defendants were not necessary parties to the establishment of the trust, their inclusion as parties would prevent a later conclusion by the state defendants that the trusts, if established by the probate court, did not constitute qualifying trusts for purposes of Section 1396(d)(4)(C), Title 42, U.S.Code. The McGivney Trust also filed memoranda opposing the state defendants' motions to dismiss, arguing that R.C. 5802.01(C) conferred on the probate court the authority to declare rights under a

trust established by the court and that the claims included a request for such a declaration of rights.

{¶ 5} The trial court concluded that any decision it made regarding whether a trust it established would be a qualifying trust under Section 1396(d)(4)(C), Title 42, U.S.Code, would constitute a determination regarding Medicaid eligibility. The trial court thus concluded that the state defendants had no interest in the proceedings regarding establishment of the trusts and therefore granted the state defendants' motions to dismiss. The trial court also noted that eligibility for public assistance is subject to changes by the General Assembly and that any determination made by the court regarding Medicaid eligibility at the time of the creation of a trust would not ensure Medicaid eligibility in the future. Therefore, any finding by the trial court regarding eligibility even with the state defendants as parties to the action would have no binding effect. The trial court's entries in the two cases did not include language stating that there was no just reason for delay and did not otherwise designate the entries as final, appealable orders.

{¶ 6} Appellants then filed these appeals. The state defendants filed motions to dismiss each of the appeals, arguing that the trial court's judgments dismissing them from the two actions did not dispose of the entire action in either of the cases and did not include language that there was no just cause for delay pursuant to Civ.R. 54. We issued an entry stating that the motions would be submitted to the court at the time the cases were submitted on the merits.

{¶ 7} Pursuant to Section 3(B)(2), Article IV, Ohio Constitution, and R.C. 2505.03, appellate courts have jurisdiction to review only final orders, judgments, or decrees. *Browder v. Shea*, 10th Dist. No. 04AP–1217, 2005-Ohio-4782, 2005 WL 2210667, ¶ 10, citing *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 84, 661 N.E.2d 728. " '[T]he entire concept of "final orders" is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof.' " *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, quoting *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306, 56 O.O.2d 179, 272 N.E.2d 127. " 'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.' " *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, ¶ 4, quoting *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241. A trial court's order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 595, 716 N.E.2d 184, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64.

■ {¶ 8} Appellants argue that the trial court's decisions constitute final orders under R.C. 2505.02 because they affect the substantial rights of Kormanik's wards and prevent a judgment. Appellants base their argument on the idea that the probate court's relationship with its wards is unique, given that the probate court's duty is always to take actions on behalf of its wards with the best interests of its wards in mind. Essentially, appellants argue that the absence of the state defendants in these actions prevents the judgment they seek, which is establishment of qualifying trusts that will not affect the Medicaid eligibility of Kormanik's wards, because, in the absence of the state defendants, the court can establish trusts, but it cannot be sure that those trusts will not affect Medicaid eligibility.

{¶ 9} In this case, the trial court's dismissal of the state defendants did not resolve the entirety of the two cases before the court. In its entries dismissing the state defendants, the trial court expressed its specific intention to consider whether establishment of the special-needs trusts would be in the best interests of Kormanik's wards, even given the possibility of the future loss of Medicaid coverage. Thus, dismissal of the state defendants from the actions would not prevent the trial court from considering whether the establishment of trusts for Kormanik's wards was in the wards' best interests, regardless of the issues regarding Medicaid eligibility. The probate court's entries dismissing the state defendants left issues unresolved and contemplated additional action and were therefore not final orders for purposes of R.C. 2505.02.

{¶ 10} Furthermore, the trial court did not include language in its entry comporting with Civ.R. 54(B). Civ.R. 54(B) provides:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 11} We have held that when a trial court's decision does not dispose of all claims in a case, in the absence of certification by the trial court that there is no just reason for delay, we need not even consider whether the order constitutes a

final order for purposes of R.C. 2505.02. See *Moore v. Gross*, 10th Dist. No. 09AP–1077, 2010-Ohio-3328, 2010 WL 2784275.

{¶ 12} In these cases, the trial court's dismissal of the state defendants did not dispose of all claims in the cases, because even after dismissal of those defendants, the claim asking the trial court to establish trusts on behalf of Kormanik's wards remained outstanding. Thus, even assuming that the trial court's dismissals constituted final orders for purposes of R.C. 2505.02, the absence of language comporting with Civ.R. 54(B) by the trial court compels the conclusion that the orders from which these appeals were brought are not final, appealable orders.

{¶ 13} Therefore, we grant the motions of the state defendants to dismiss these appeals for lack of final, appealable orders.

Motions to dismiss granted.

KLATT and McGRATH, JJ., concur.