[Cite as *Dubay v. Villas of Crystal Lake Homeowners Assn.*, 2012-Ohio-2779.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97964**

---

## PATRICK DUBAY, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## VILLAS OF CRYSTAL LAKE HOMEOWNERS' ASSOCIATION

DEFENDANT-APPELLEE

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Berea Municipal Court
Case No. 11 CVI 102114

**BEFORE:** Celebrezze, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 21, 2012

**FOR APPELLANTS**

Patrick Dubay, pro se
Karen Dubay, pro se
6757 Fry Road
Middleburg Heights, Ohio   44130


**ATTORNEYS FOR APPELLEE**

Arthur E. Foth, Jr.
Joseph F. Salzgeber
Foth & Foth Co., L.P.A.
11221 Pearl Road
Strongsville, Ohio   44136

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Appellants, Patrick and Karen Dubay, bring the instant appeal from the dismissal of appellee, the Village of Crystal Lake Homeowners' Association ("Crystal Lake"), as a party in the Dubays' small claims suit for allegedly authorizing a tree service to trespass on their property and cut down a tree. After a thorough review of the record, we reverse the decision of the trial court dismissing Crystal Lake pursuant to Civ.R. 21.

## I. Factual and Procedural History

**{¶2}** On May 26, 2010, Crystal Lake hired third-party defendant Old Oak Church, doing business as Out-Of-The-Woods Ministries ("OTWM"), through its representative David L. Butler, to remove some dead and dying trees in and around a wooded plot of land situated next to the Dubays' property. The Dubays alleged that employees of OTWM, under the supervision of Butler, entered the Dubays' property on May 28, 2010 and cut down an ash tree, destroying it and damaging several nearby trees.

**{¶3}** After attempts to settle the dispute were unsuccessful, the Dubays filed a small claims court action against Crystal Lake in the Berea Municipal Court on August 30, 2010. The complaint alleged in part that Crystal Lake "improperly authorized Dave Butler (who operates a tree service company) to enter our property and cut down a mature ash tree." The Dubays did not name OTWM or Butler as a defendant. They asked for $3,000 in damages for the lost value of the tree, damages to their property, and for their time.

{¶4} The case was scheduled for hearing in small claims court, but was postponed at Crystal Lake's request. Crystal Lake then filed a motion to dismiss under Civ.R. 21 as a misjoined party. It also filed a motion for leave to file a third-party complaint against OTWM for contribution or indemnification. Crystal Lake's motion to dismiss argued that OTWM was an independent contractor, and Crystal Lake was not liable for the action of the tree removal service. It attached an affidavit from Butler to its supplemental motion to dismiss, filed December 12, 2010, where Butler averred that he was hired by Crystal Lake as an independent contractor to remove trees. He also averred that any trespass onto the Dubays' property was his fault alone.

{¶5} The Dubays opposed the motion, arguing that Crystal Lake negligently hired OTWM. The Dubays also alleged a second incident where OTWM re-entered their property without permission at the direction of Crystal Lake to cut and remove the tree OTWM had felled earlier. They alleged that "[Crystal Lake] is responsible for hiring this contractor, and for directing him to return to our property to clean up the mess they made."

{¶6} On January 6, 2011, the magistrate granted Crystal Lake's motion to dismiss and entered "judgment for the defendant at the plaintiff's costs." The Dubays then filed objections to the magistrate's decision on January 12, 2011, which were overruled by the trial judge on January 13, 2011. The trial court approved and affirmed the magistrate's decision. The Dubays then filed the instant appeal assigning one error with various subparts:

The trial court erred by making judgment to dismiss the case without any hearing. Although Plaintiff requested an opportunity to be heard, Plaintiff was not permitted such an opportunity and was therefore not permitted to present any evidence[.]

## II. Law and Analysis

**{¶7}** The Dubays, proceeding pro se, attempt to litigate much of their claim never reached by the court below. This appeal will be limited to the propriety of the dismissal of Crystal Lake pursuant to Civ.R. 21 because that is the only issue properly before this court.

### A. Misjoinder under Civ.R. 21

**{¶8}** Initially, we note that the Ohio Rules of Civil Procedure apply to disputes in small claims courts except where they conflict with rules governing small claims courts set forth in R.C. 1925.01 et seq. R.C. 1925.16. This includes the use of Civ.R. 21 to add or dismiss a party from a suit. *Frantz v. United Property Mgt.*, 6th Dist. No. S-85-10, 1985 WL 8200 (Oct. 18, 1985).

**{¶9}** The purpose of Civ.R. 21 is to permit the bringing in of a party who, through inadvertence, mistake, or for some other reason, has not been made a party originally and whose presence is necessary or desirable. *Bill Gates Custom Towing, Inc. v. Branch Motor Exp. Co.*, 1 Ohio App.3d 149, 440 N.E.2d 61 (10th Dist.1981). Where a party to an action has been misjoined, that party "has no legal interest in the litigation." *Kormanik v. Cooper,* 195 Ohio App.3d 790, 2011-Ohio-5617, 961 N.E.2d 1187, ¶ 32 (10th Dist.), citing *EnQuip Technologies Group, Inc. v. Tycon Technoglass, S.R.L.*, 2d Dist. No. 2009 CA 47, 2010-Ohio-28, ¶ 33. For example, when a party is mistakenly

included by error or when no claim or cause of action is raised against a party, the party may be dismissed by its own motion or by the trial court's own initiative. *Id.* However, the rule makes abundantly clear that "[m]isjoinder of parties is not ground for dismissal of an action." Civ.R. 21.

{¶10} The rule also must be read in conjunction with the requirements for permissive joinder, Civ.R. 20, to understand its application. 1970 Staff Notes, Civ.R. 21. If the requirements for permissive joinder are not met for a given party, Civ.R. 21 may be available to that party for dismissal from the suit. *EnQuip Technologies* at ¶ 33. "'Thus, Rule 21 applies when the claims asserted do not arise out of the same transaction or occurrence and do not present some common question of law or fact. Misjoinder of parties may also be declared when no relief is demanded from one or more of the parties joined as defendants.'" *Id.*, quoting Fink, Greenbaum, and Wilson, *Guide to the Ohio Rules of Civil Procedure*, Paragraph 21:2 (2006).

{¶11} Here, the Dubays have asserted a claim against Crystal Lake. While that claim is not set forth with absolute clarity in their small claims complaint, it is still a claim against Crystal Lake for which relief is demanded. Importantly, Crystal Lake did not file a motion to dismiss based on the failure to state a claim (Civ.R. 12(B)(6)), for a failure to join a necessary party (Civ.R. 12(B)(7) referencing Civ.R. 19), or a motion for summary judgment (Civ.R. 56(C)). Crystal Lake's motion to dismiss reads like a motion for

summary judgment rather than demonstrating that no cause of action is asserted against it in the complaint or that it was somehow mistakenly joined.[1]

**{¶12}** Review of a decision to dismiss a party pursuant to Civ.R. 21 is limited to an abuse of the court's discretion. *Kormanik* at ¶ 32. That is exactly what occurred here, where Civ.R. 21 has no application because the Dubays asserted a claim against Crystal Lake for negligently hiring OTWM and directing OTWM to trespass on the Dubays' property a second time; and Crystal Lake indeed hired OTWM. Crystal Lake is a proper party to this litigation. The trial court erred in dismissing Crystal Lake as a party and in dismissing the small claims suit based on a rule that specifically does not allow for such an action.

### III. Conclusion

**{¶13}** The trial court's decision to affirm the magistrate's decision dismissing Crystal Lake from the litigation as a misjoined party was an abuse of discretion. Crystal Lake is a proper party, and Civ.R. 21 should not be used as a substitute for a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) or a motion for summary judgment under Civ.R. 56(C).

**{¶14}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants recover of said appellee costs herein taxed.

---

[1] There is no evidence in the record that the trial court treated Crystal Lake's motion as one to dismiss pursuant to Civ.R. 12(B)(6) or summary judgment, or notified the parties that it intended to do so.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KENNETH A. ROCCO, J., CONCUR