GLD-124                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3795
_____

WALLACE DEEN-MITCHELL,
Appellant

v.

HARLEY G. LAPPIN, Director, Federal Bureau of Prisons;
FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:11-cv-01902)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2013

Before:  FUENTES, FISHER and GREENBERG, *Circuit Judges*.

(Opinion filed: February 21, 2013 )
_____

OPINION
_____

PER CURIAM

Wallace Deen-Mitchell, a federal inmate proceeding pro se, appeals from an order

of the United States District Court for the Middle District of Pennsylvania dismissing his

civil rights action pursuant to Fed. R. Civ. P. 41(b), 28 U.S.C. § 1915A(b)(1), and Fed. R.

Civ. P. 20. For the reasons discussed below, we will summarily vacate the District Court's order and grant Deen-Mitchell's motion for summary remand. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

## I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In November 2009, Deen-Mitchell filed a complaint against the Bureau of Prisons ("BOP") and its director, Harley Lappin, in the United States District Court for the District of Columbia. He included several claims, many of which he alleged to have occurred during his incarceration at USP Lewisburg in Lewisburg, Pennsylvania. In September 2010, Appellees filed a motion to dismiss for lack of subject matter jurisdiction, improper venue, and failure to state a claim. However, on July 21, 2011, the District Court for the District of Columbia denied that motion without prejudice, determined that venue in the District of Columbia was improper, and ordered that the case be transferred to the Middle District of Pennsylvania. Deen-Mitchell's subsequent motion for reconsideration was denied, and he appealed to the United States Court of Appeals for the District of Columbia. However, the District of Columbia Circuit granted his motion to withdraw the appeal on October 14, 2011, and the case was transferred three days later.

On October 27, 2011 and again on November 10, 2011, Deen-Mitchell filed motions for leave to amend or, in the alternative, supplement his complaint. A Magistrate Judge granted Deen-Mitchell leave to amend on January 10, 2012 and

2

directed him to file an all-inclusive amended complaint subject to specific conditions. The Magistrate's order contained a warning that if Deen-Mitchell's complaint did not comply with those requirements, dismissal would be recommended. Deen-Mitchell filed his proposed amended complaint on May 7, 2012. On June 4, 2012, a Magistrate Judge recommended that his proposed amended complaint be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order; 28 U.S.C. § 1915A(b)(1) as frivolous, malicious, and failing to state a claim upon which relief may be granted; and for non-compliance with Fed. R. Civ. P. 20. On September 13, 2012, the District Court adopted the recommendation and dismissed Deen-Mitchell's amended complaint with prejudice. Deen-Mitchell then timely filed this appeal.

II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and review a district court's dismissal for failure to comply with a court order for abuse of discretion. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2003). We also review a district court's decision to dismiss a complaint as frivolous or malicious for an abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 33 (1992), but we exercise plenary review over its application of law, see Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). However, we exercise plenary review over a district court's order dismissing a complaint for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

3

III.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We affirm a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009).

In light of the liberal construction we must give to pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we cannot agree that Deen-Mitchell's proposed amended complaint fails to state a claim upon which relief can be granted. First, Deen-Mitchell states "sufficient factual matter" to support the plausibility of his retaliation claims. Ashcroft, 556 U.S. at 678. In Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), we explained that "[a] prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Deen-Mitchell's allegations that prison officials violated his First Amendment right to present grievances by allowing inmates to assault him, by fabricating incident reports, and by depriving him of personal property might state claims for retaliation. See Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012) (determining that the plaintiff's complaint

4

was prematurely dismissed because he had properly asserted a claim for retaliation for alleged violations of his right to use the prison grievance system).

Furthermore, Deen-Mitchell's proposed amended complaint sufficiently states facts to support the plausibility of his access to the courts claims. To establish a cognizable access to the courts claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a claim relating to either a direct or collateral challenge to his sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 352-54, 355 (1996) ("Impairment of any *other* litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration.") Here, Deen-Mitchell alleges that prison officials violated his right by failing to provide a law library and interfering with his outgoing mail to the courts. While he only states that such action prevented him from timely filing a valid challenge to his criminal sentence, we believe that given further leave to amend, Deen-Mitchell could sufficiently plead more specific facts to support the plausibility of his claims.

With regards to Deen-Mitchell's numerous allegations of deliberate indifference, the Supreme Court has stated that for a plaintiff to succeed on this Eighth Amendment claim, he must show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm;" and (2) prison officials operated with "deliberate indifference to [his] health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). A substantial risk of serious harm "may be established by much less than proof of a reign of violence and terror," but requires more

5

than a single incident or isolated incidents. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). Furthermore, officials operate with deliberate indifference when they consciously know of and disregard excessive risks to a prisoner's well being. Farmer, 511 U.S. at 840-44; Hamilton, 117 F.3d at 747. Deen-Mitchell's allegations that officials caused inmates who were his enemies to be placed in his cell and denied him medical treatment after various assaults might state claims for Eighth Amendment violations based upon deliberate indifference.

Finally, Deen-Mitchell's allegations concerning his placement in the Special Management Unit ("SMU") and the conditions he endured in the SMU are sufficiently pled. Administrative segregation only implicates a protectable liberty interest if it dramatically departs, in length of time or otherwise, from basic prison conditions. See Mitchell , 318 F.3d at 532; Allah, 229 F.3d at 224 ("[P]lacement in administrative confinement will generally not create a liberty interest."). Deen-Mitchell's proposed complaint seems to allege that he was confined in the SMU for over two years and might state a due process claim. To state a successful Eighth Amendment claim regarding conditions of confinement, a plaintiff must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Accordingly, Deen-Mitchell's allegations that he was deprived of, inter alia, daily exercise and educational programs might state a claim for an Eighth Amendment violation based upon conditions of confinement. See Nami v. Fauver, 82 F.3d 63, 67 (3d

6

Cir. 1996) (citing <u>Tillery v. Owens</u>, 907 F.2d 418, 427 (3d Cir. 1990)) ("Relevant considerations include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical activities such as plumbing, ventilation and showers.").

While we express no view as to whether Deen-Mitchell will eventually plead meritorious claims or whether defenses will prove to be dispositive, his proposed amendment complaint provides adequate notice of his First, Fifth, and Eighth Amendment claims.[1] Therefore, we find that the District Court erred by dismissing Deen-Mitchell's complaint pursuant to § 1915A(b)(1).

IV.

The District Court also dismissed Deen-Mitchell's proposed amended complaint for non-compliance with Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if they assert a right to relief arising out of the same transaction or occurrence or if "any question of law or fact common to all defendants will arise in the action." Fed.

---

[1] Notably, while the District Court for the District of Columbia thought that many of Deen-Mitchell's claims in his first complaint appeared to "strain credulity," it declined to grant Appellees' motion to dismiss because of Deen-Mitchell's allegations that Lappin showed deliberate indifference to threats on his life and to his injuries sustained in assaults by inmates placed in his cell who had been identified as enemies. The District Court for the District of Columbia presumed that Deen-Mitchell could amend his complaint in the transferee court to add the proper defendants. Deen-Mitchell has incorporated several of the same claims in his proposed amended complaint. Furthermore, it follows that we cannot agree with the District Court that Deen-Marshall's proposed amended complaint is frivolous.

R. Civ. P. 20(a)(2). The District Court correctly concluded that Deen-Mitchell's attempts to incorporate separate and unrelated claims against a multitude of defendants were inappropriate. However, the District Court overlooked Fed. R. Civ. P. 21, which states that "[m]isjoinder of parties is not a ground for dismissing an action." Courts may add or drop parties, but they cannot dismiss actions when misjoinder has occurred. See Letherer v. Alger Group, LLC, 328 F.3d 262, 267 (6th Cir. 2003); Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir. 1972). Accordingly, the District Court also erred by dismissing Deen-Mitchell's complaint on this basis.

V.

Finally, the District Court dismissed Deen-Mitchell's complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the court order setting forth specific guidelines for his all-inclusive amended complaint. As we have previously explained, dismissal under Rule 41(b) is appropriate only "in limited circumstances" and doubts should be resolved in favor of reaching a decision on the merits. Emerson, 296 F.3d at 190. Rule 41(b) dismissals are "drastic" and "extreme measures" that should be reserved for cases where there has been 'flagrant bad faith' on the part of the plaintiffs." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

To determine if the District Court abused its discretion, "we will be guided by the manner in which the trial court balanced the following factors . . . and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the

8

prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. No single factor is determinative, and not all must be satisfied to justify dismissal. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

Under the first and third factors, which focus on the extent of Deen-Marshall's personal responsibility and whether he exhibited a history of dilatoriness, we note that as a pro se litigant he is "solely responsible for the progress of his case." Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008). The District Court notes that the Magistrate Judge described how Deen-Mitchell has exhibited some dilatoriness; however, we can find no such discussion in the Magistrate's Report and Recommendation. Nothing in the record indicates that Deen-Marshall failed to respond to court orders; instead, the docket indicates that the District Court routinely granted him extensions of time within which to respond. With regards to the second factor, we cannot determine how the proposed defendants have been prejudiced because the case did not have the opportunity to proceed to discovery and because Deen-Mitchell's complaint gives adequate notice of his claims. In considering the fourth Poulis factor, District Court noted that Deen-Mitchell's actions in filing his proposed amended complaint were willful and intentional; however, as noted above, nothing in the record indicates that he intended to harass or vex the proposed defendants. Furthermore, Deen-Mitchell himself stated in his objections to the

9

Magistrate's Report and Recommendation that he believed he was substantially complying with the previous court order.

We cannot agree that the fifth Poulis factor, which focuses on the effectiveness of alternative sanctions, weighs in favor of dismissal. Deen-Mitchell proceeded pro se and in forma pauperis; clearly, monetary sanctions were not a viable form of alternative sanctions. Here, the District Court reasoned that dismissal was the only remaining effective sanction because he had been provided ample opportunity to amend. However, our review indicates that Deen-Mitchell has only been provided with one formal opportunity to amend, and he only received one warning regarding potential dismissal. Other possible sanctions included further warnings and formal reprimand, see Titus v. Mercedes Benz of N. Am., 695 F.2d 746, 749 n.6 (3d Cir. 1982), yet the District Court did not consider the effectiveness of these alternative sanctions. Finally, while we do not comment on whether Deen-Mitchell's claims are meritorious, as noted above, his proposed amended complaint sufficiently pled First Amendment retaliation and access to the courts claims and Eighth Amendment deliberate indifference claims.

Overall, the Magistrate Judge did not engage in an analysis of the Poulis factors. While the District Court did, its analysis was cursory, and we cannot agree that many of the factors weigh in favor of dismissal. Therefore, under these circumstances, we cannot say that the District Court did not abuse its discretion in dismissing Deen-Mitchell's proposed amended complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.

10

## VI.

For the foregoing reasons, we will summarily vacate the judgment of the District Court and remand for further proceedings consistent with this opinion. <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6. We deny Deen-Mitchell's motion to strike the attorney appearance filed by Appellee. Deen-Mitchell has also filed a motion for sanctions and for summary remand to the District Court. We deny that motion as to his request for sanctions, but grant it as to his request for summary remand.